UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY R. BAUMGARTNER,<br><br>                  Plaintiff,<br><br>    v.<br><br>McCORD LARSEN and MATT LOVE,<br><br>                  Defendants. | Case No. 4:19-cv-00321-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Rodney R. Baumgartner's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.     **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not bound to accept a Complaint's legal conclusions. *Id.* at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

3.  **Factual Allegations**

Plaintiff is an inmate currently confined in the Mini-Cassia Criminal Justice Center in Burley, Idaho. Plaintiff claims that Defendant Matt Love, a police officer, violated Plaintiff's constitutional rights and Idaho state law by not arresting another person. (Compl., Dkt. 3, at 2.) It appears that Officer Love could have arrested the individual but instead used her as a confidential informant. Plaintiff states that Officer Love used this individual "to secure a search warrant on [Plaintiff's] property." (*Id.*) Plaintiff claims that Officer Love lied and committed extortion and fraud against Plaintiff.

Plaintiff also alleges that Defendant McCord Larsen, a prosecuting attorney in Cassia County, accompanied a drug task force when it searched Plaintiff's home. Larsen also allegedly "influenc[ed] the testimony and charges of the Drug Task Force" and committed prosecutorial misconduct. (*Id.* at 3.) Plaintiff asserts that the search warrant was invalid, and he claims injuries in the form of his "present jail term and loss of social security and property." (*Id.*)

4.  **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.  *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff's Complaint fails to state a plausible claim for relief for two main reasons. First, there are simply not enough facts in the Complaint to support a reasonable inference that either Defendant acted with the requisite state of mind or that either Defendant's actions violated Plaintiff's constitutional rights. Plaintiff alleges that there was no legal basis for the search and the resulting charges, but he has offered no facts to support that legal conclusion—a conclusion the Court is not required to accept. *See Iqbal*, 556 U.S. at 678.

Second, because it appears that Plaintiff was convicted on the criminal charges related to the allegedly unlawful search, Plaintiff's claims are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id.* at 486-87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If a plaintiff's claims are barred by *Heck*, the claims must be dismissed without prejudice so that, if the conviction is later invalidated, the plaintiff may reassert those claims. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

Further, the Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

If Plaintiff files an amended complaint, he must set forth how the alleged constitutional violations relate to his current incarceration. If Plaintiff believes that his

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

claims, if successful, would *not* imply the invalidity of his conviction, he must include detailed allegations regarding that conviction and explain his position. Finally, if Plaintiff seeks relief other than release from imprisonment, such as monetary damages, he must include a request for such relief in the amended complaint.

### B. *State Law Claims*

In addition to § 1983 claims, Plaintiff asserts state law claims. Just as the Complaint lacks sufficient factual allegations to state a plausible claim under federal law, so also it fails to state a plausible under Idaho law.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. *See* U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

## 5. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient

to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed

without further notice.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: December 9, 2019

B. Lynn Winmill
U.S. District Court Judge