UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY R. BAUMGARTNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>McCORD LARSEN and MATT LOVE,<br><br>　　　　　Defendants. | Case No. 4:19-cv-00321-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Rodney R. Baumgartner is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 7.

　　　　Plaintiff has now filed an Amended Complaint. Dkt. 9. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.　　Screening Requirement**

　　　　As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**2.      Discussion**

Plaintiff's claims are all based on the execution of a search warrant at Plaintiff's residence. Plaintiff was convicted on the charges stemming from that search, and that conviction has not been overturned or otherwise invalidated. As previously explained, nearly all of Plaintiff's current claims are, therefore, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff has included some claims in the Amended Complaint that do not appear barred by *Heck* because success on the claims would not necessarily imply the invalidity of Plaintiff's criminal conviction. Plaintiff alleges that, following the search, a substantial amount of money and two guns were seized by police. Plaintiff also alleges that, during the search, law enforcement officers caused $3,000 worth of property damage.

Plaintiff appears to argue that these actions constituted a deprivation of a property interest without due process. However, the right to due process is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis omitted). Thus, to the extent Defendants acted negligently, Plaintiff has not stated a plausible due process claim.

Moreover, even the *intentional* deprivation of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy

under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Idaho has adopted the Idaho Tort Claims Act, Idaho Code § 6-901, *et seq*., to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties." Idaho Code § 6-903(1). Therefore, because Plaintiff has a state law remedy for the loss or destruction of his property, he has not stated a plausible due process claim.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED IN PART, to the extent that the Court has reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915A.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

DATED: February 4, 2020

B. Lynn Winmill
U.S. District Court Judge